UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RABON, REGINA RABON, | No. 2:14-cv-1660 JAM DAD PS |
| Plaintiffs, | |
| v. | ORDER |
| JP MORGAN CHASE BANK, N.A., NATIONAL DEFAULT SERVICING CORPORATION, | |
| Defendants. | |

This matter came before the court on August 29, 2014, for hearing of defendant's motion to dismiss. Attorney Ian Ross appeared telephonically for defendant JP Morgan Chase Bank, N.A. Despite being served with notice of the motion neither plaintiff filed a written opposition or a statement of non-opposition to the motion to dismiss and neither plaintiff appeared at the hearing of the motion, nor did anyone appear on behalf of either plaintiff.

Pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Id. Failure to appear at the hearing of a properly noticed motion may be deemed withdrawal of any written

1

opposition that was timely filed, in the discretion of the court, or may result in the imposition of sanctions. Local Rule 230(i). Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiffs have failed to comply with Local Rule 230. In light of plaintiffs' pro se status, and in the interests of justice, the court will provide plaintiffs with an opportunity to show good cause for their conduct along with a final opportunity to oppose defendant's motion.

Accordingly, the court HEREBY ORDERS that plaintiffs show cause in writing within fourteen days of the date of this order as to why this case should not be dismissed for lack of prosecution.[1] Failure to timely file the required writing will result in a recommendation that this case be dismissed.

Dated: August 29, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\rabon1660.osc.docx

---

[1] Alternatively, if plaintiffs no longer wish to pursue this civil action they may comply with this order by filing a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure.

2