UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RABON, REGINA RABON, | No. 2:14-cv-1660 JAM DAD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JP MORGAN CHASE BANK, N.A., NATIONAL DEFAULT SERVICING CORPORATION, | |
| Defendants. | |

This matter came before the court on August 29, 2014, for hearing of defendant's motion to dismiss. Attorney Ian Ross appeared telephonically for defendant JP Morgan Chase Bank, N.A. Despite being served with notice of the motion neither plaintiff filed a written opposition or a statement of non-opposition to the motion to dismiss and neither plaintiff appeared at the hearing of the motion, nor did anyone appear on behalf of either plaintiff.

Accordingly, on August 29, 2014, the undersigned issued an order to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution. (Dkt. No. 15.) Plaintiffs were cautioned that failure to file a written response to that order would result in the undersigned recommending that this matter be dismissed. (Id.) Nonetheless, the time for plaintiffs to respond has expired and neither plaintiff has responded to the court's order in any way.

1

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiffs have failed to file a timely response to defendant's motion to dismiss and failed to appear at the hearing of the properly noticed motion, in violation of multiple provisions of Local Rule 230. Moreover, the court issued an order to show cause that provided plaintiffs with yet another opportunity to show good cause for their failure to respond to defendant's motion but plaintiffs failed to respond to that order in any way. The order to show cause specifically warned plaintiffs that the failure to file a written response to that order would result in a recommendation that this matter be dismissed.

Plaintiffs' lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiffs' failure to prosecute the action in any way makes disposition on

the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiffs' failure to prosecute as well as their failure to comply with the court's orders. See FED. R. CIV. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiffs' June 12, 2014 complaint (Dkt. No. 1) be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 27, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\rabon1660.dlop.f&rs.docx